UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
GAETANO IZZO,

              Petitioner,                            00 CV 4087 (SJ)

     - against-                                **MEMORANDUM**
                                                  **AND ORDER**

UNITED STATES OF AMERICA,

              Respondent.
------------------------------------------------------X

**A P P E A R A N C E S:**

GAETANO IZZO
#16260-053
USP Florence ADMAX
U.S. Penitentiary
P.O.Box 8500
Florence, CO 81226
Petitioner, *Pro Se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201
By:    Peter Norling, Esq.
Attorney for Respondent

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   APR 1 ? 2006  ★

P.M. _____
TIME A.M. _____

JOHNSON, Senior District Judge:

      Presently before this Court is a motion to vacate, set aside, or correct a

sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion"), from Gaetano Izzo

("Petitioner"), acting *pro se*. Petitioner challenges his conviction and the related

1

sentence imposed under criminal docket number 91 CR 800. Also before this Court is a motion, dated November 17, 2000, to amend the § 2255 Motion. For the reasons stated herein, Petitioner's motions are hereby DENIED.

## **BACKGROUND**

Petitioner and four other defendants were convicted after a jury trial before this Court of racketeering and numerous related offenses, including conspiracies to possess with intent to distribute cocaine and marijuana and receiving and possessing stolen goods.[1] Petitioner was specifically convicted of (1) conspiring to participate in a racketeering enterprise and the related substantive racketeering offense, in violation of 18 U.S.C. §§ 1962(c) and (d) (Counts One and Two); (2) attempting and conspiring to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846 (Counts Three and Four); (3) conspiring to import and importing marijuana, in violation of 21 U.S.C. §§ 952 and 963 (Counts Five and Six); (4) possessing, conspiring to possess, and attempting to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846 (Counts Seventeen, Nineteen, and Twenty); and (5) being an accessory after the fact, in violation of 18 U.S.C. § 3 (Count Eighteen).

---

[1]Familiarity with the facts of the underlying criminal case are presumed.

2

On August 4, 1993, Petitioner received the following sentence: 360 months imprisonment, to run concurrently, on Counts One through Six, Seventeen, Nineteen, and Twenty; 180 months imprisonment on Count Eighteen, to run concurrently with the other counts; a total supervised release term of five years; and a $500 special assessment. Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Second Circuit (the "Second Circuit"). In challenging his conviction, Petitioner contended that the Court incorrectly construed his proffer agreement with the United States of America ("Respondent") as permitting Respondent to introduce his proffer statements at trial in the event that he called certain witnesses during the defense case. (Resp't Mem. Law Opp'n § 2255 Mot. at 23.) He also claimed that there was insufficient evidence to support a jury verdict of guilty with respect to those counts concerning the November 1990 and May 1991 cocaine conspiracies. (Id.) Finally, Petitioner challenged the Court's sentencing enhancements for obstruction of justice and abuse of a position of trust, as provided in the United States Sentencing Guidelines (the "Guidelines"). (Id.) On July 28, 1994, the Second Circuit vacated Petitioner's sentence and remanded his case for re-sentencing on the ground that the two-level enhancement for abuse of a position of trust had been unwarranted. See United States v. Viola, 35 F.3d 37, 45 (2d Cir. 1994). The Second Circuit rejected Petitioner's other grounds for appeal. Id.

3

On March 14, 1997, the Court re-sentenced Petitioner to concurrent terms of imprisonment of 300 months, followed by five years of supervised release, for each of Counts One through Six, Seventeen, Nineteen, and Twenty. In addition, the Court imposed a 180-month term of imprisonment and three years of supervised release for Count Eighteen, to run concurrently, and a special assessment of $500. The Court entered its judgment on March 21, 1997. More than three years later, on July 6, 2000, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2255. On November 17, 2000, December 12, 2002, and June 30, 2004, Petitioner filed applications for leave to amend the § 2255 Motion.

In the pending § 2255 Motion, Petitioner now alleges that his sentence should be modified or vacated because he was denied effective assistance of counsel during pre-trial proceedings. Specifically, Petitioner avers that "counsel did not offer advice with respect to what plea[] should [have] be[en] entered" and did not "offer a reasonably accurate estimate of the sentencing guideline ranges" that would follow a guilty plea and a jury conviction. (Pet'r § 2255 Mot. ¶ 12.) Petitioner also argues that his sentence was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), and under Blakely v. Washington, 542 U.S. 296 (2004). (See § 2255 Mot. 11/17/2000 Suppl.; § 2255 Mot. 6/30/2004 Suppl.) Finally, Petitioner argues that his sentence should be reduced due to sentencing guideline amendments that occurred subsequent to his re-sentencing. (See § 2255

4

## DISCUSSION

**I.    Petitioner's Motion is Procedurally Barred under AEDPA.**

In addressing the present petition, the Court is mindful that Petitioner was proceeding <u>pro se</u> in submitting both his petition and his reply papers, and his submissions will therefore be liberally construed and read to raise the strongest arguments they suggest. <u>See, e.g.</u>, <u>Abrahamson v. United States</u>, No. 03 CV 4677, 2004 U.S. Dist. LEXIS 7150, at *2-3 (S.D.N.Y. Apr. 26, 2004).

Section 2255 of Title 28 of the United States Code provides, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. A petitioner may not however employ a § 2255 petition to re-litigate claims already raised and considered on direct appeal. <u>See</u> <u>United States v. Sanin</u>, 252 F.3d 79, 83 (2d Cir. 2001). In addition, a petitioner generally may not assert a claim in a § 2255 petition that he or she failed to raise on direct appeal unless the petitioner shows cause for the omission and prejudice resulting

5

therefrom. See Bousley v. United States, 523 U.S. 614, 622 (1998). This rule of procedural default, however, does not extend to claims of ineffective assistance of counsel, which "may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003).

Procedural default is not the only hurdle faced by § 2255 petitioners. Section 105 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, went into effect on April 24, 1996 and imposed a requirement that relief under § 2255 is now generally subject to a one-year statute of limitations. Federal habeas petitions must be filed within a one-year period, which begins to run, with certain exceptions, either after the petitioner has exhausted direct appeals or after the time for seeking appellate review has expired.[2] This limitations period may, however, be equitably tolled in

---

[2] Specifically, § 2255 states:
> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

P-049

rare and exceptional circumstances. <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir. 2000) (internal quotation marks and citation omitted).

In this case, Petitioner's claims cannot be sustained because the § 2255 Motion was filed more than one year after his conviction became final and he is not entitled to equitable tolling. First, Petitioner's motion is untimely because it was filed on July 6, 2000,[3] more than three years after his conviction became final on March 31, 1997, the day upon which he was precluded from filing a notice of appeal to the Second Circuit based on this Court's re-sentencing.[4] <u>See</u> 28 U.S.C. § 2255 ¶ 6(1). Additionally, Petitioner has neither claimed that unlawful governmental action precluded him from filing the § 2255 Motion nor made a valid claim that the motion is based on a right that has been newly recognized by the Supreme Court and made retroactive to cases on collateral review.[5] <u>See</u> 28 U.S.C. § 2255 ¶ 6(2), (3).

---

[3]Under the general "prison mailbox rule," Petitioner's § 2255 Motion was filed on July 6, 2000, the date on which he delivered the motion to prison officials. <u>Noble v. Kelly</u>, 246 F.3d 93, 97-98 (2d Cir. 2001) (applying to habeas petition proceedings the Supreme Court holding in <u>Houston v. Lack</u>, 487 U.S. 266 (1988), "that a prisoner appearing pro se satisfies the time limit for filing a notice of appeal if he delivers the notice to prison officials within the time specified.")

[4]Under Federal Rule of Appellate Procedure 4(b)(1)(A), Petitioner had 10 days after "the entry of either the judgment or order being appealed," in this case, his March 14, 1997 re-sentencing, to file a notice of appeal with the Second Circuit. He did not do so.

[5]Although Petitioner makes claims based on the Supreme Court's rulings in <u>Apprendi</u> and <u>Blakely</u>, which were issued after Petitioner's filing deadline for the § 2255 Motion expired, these rulings are not retroactive to cases on collateral review, as discussed in greater detail <u>infra</u>.

7

In an effort to save his habeas petition from AEDPA's procedural bar, Petitioner argues that pertinent facts needed to support his § 2255 Motion were not available to him until he received his trial attorney's affidavit on May 21, 2000. See Pet'r § 2255 Mot. ¶ 13; 28 U.S.C. § 2255 ¶ 6(4). The referenced affidavit was submitted by Joyce C. London, Esq. ("Trial Counsel"), who took over the representation from Howard Leader, Esq. ("Pre-Trial Counsel") due to a scheduling conflict. (Pet'r. Mem. Law Supp. § 2255 Mot., Ex. A, ¶ 3.) Trial Counsel, who assumed this representation from Pre-Trial Counsel three weeks before the scheduled trial date, attests that she represented Petitioner at trial, at his sentencing, and on appeal. (Pet'r Mem. Law Supp. § 2255 Mot., Ex. A, ¶ 2, 4.) Trial Counsel further avers that she never discussed a plea bargain with Petitioner; has no recollection of seeking a plea offer from Respondent; does not recall calculating Petitioner's sentencing guidelines range if convicted; and does not recall discussing with Pre-Trial Counsel and/or Petitioner whether they had discussed a plea agreement. (Pet'r Mem. Law Supp. § 2255 Mot., Ex. A, ¶ 7-9.)

The Court's review of Trial Counsel's affidavit confirms that it does not provide Petitioner with new facts bearing on the plea negotiations and sentencing guidelines calculations, the two aspects of his criminal proceedings that form the basis of his ineffective assistance of counsel claim. Thus, the date on which Petitioner received Trial Counsel's affidavit cannot serve as the accrual point for

8

the one-year limitations period applicable to the instant § 2255 Motion.

In a final attempt to save his § 2255 Motion from AEDPA's time bar, Petitioner avers that he was not aware of his ineffective assistance claims until the Second Circuit published its decision in Cullen v. United States, 194 F.3d 401 (2d Cir. 1999). This argument must also fail. First, Cullen does not espouse a right newly recognized by the Supreme Court and deemed to be retroactively applicable to cases on collateral review; thus, the accrual point for AEDPA's statute of limitations, as described in 28 U.S.C. § 2255 ¶ 6(3), does not apply. Second, Cullen did not promulgate a new law regarding an attorney's responsibility to his client during plea negotiations and thus could not have given Petitioner notice of claims that did not previously exist.[6] Indeed, the Cullen decision cited two earlier Second Circuit cases that address this very issue, both pre-dating Petitioner's § 2255 Motion. First, in Boria v. Keane, the Second Circuit recognized a lawyer's duty to advise his client regarding the acceptance of a plea bargain offered by the prosecution. 99 F.3d 492, 496-97 (2d Cir. 1996). Boria was decided on May 3, 1996, which was slightly less than one year before Petitioner's conviction became final and more than four years before Petitioner filed his § 2255 Motion.

---

[6]The Court agrees with Respondent's characterization of Cullen: that the only arguably new rule set forth was that a district court considering the report and recommendation of a magistrate cannot reject the magistrate's evaluation of a witness' credibility without itself holding a hearing and assessing the witness' credibility. Cullen, 194 F.3d at 401-02.

9

Second, the Second Circuit determined in <u>United States v. Gordon</u>, 156 F.3d 376, 380 (2d Cir. 1998), that an attorney's incorrect estimate of a defendant's sentencing exposure if convicted at trial constitutes ineffective assistance of counsel. <u>Gordon</u> was decided on September 22, 1998, approximately twenty-two months before Petitioner filed his § 2255 Motion. Even if the Court were to run AEDPA's one-year limitations period from the date that the <u>Gordon</u> decision was issued, which the text of AEDPA does not permit and equitable tolling principles do not necessarily justify,[7] Petitioner's filing deadline would have been September 22, 1999. The petition currently under consideration was filed well after that date.

Given the absence of any evidence to the contrary, the Court finds that the latest date on which Petitioner learned the facts supporting his ineffective assistance of counsel claim was March 14, 1997, the date on which he was re-sentenced by this Court after remand from the Second Circuit, because it was on that date, at the very latest, that Petitioner learned that the consequences of going to trial were more serious than either Pre-Trial Counsel or Trial Counsel led him to

---

[7]The one-year statute of limitations of the AEDPA may be equitably tolled where "extraordinary or exceptional circumstances" prevented the petition from being filed in a timely manner, but only if the prisoner "acted with reasonable diligence throughout the period he seeks to toll." <u>Smith</u>, 208 F.3d at 17. The burden is on the petitioner to show that the Court should toll the statute of limitations. <u>Khan v. United States</u>, No. 05 CV 2015, 2006 U.S. Dist. LEXIS 5192, at *15 (E.D.N.Y. Feb. 11, 2006) (citation omitted). Examples of where courts have tolled the statute include "egregious attorney misconduct, the intentional confiscation of legal papers by prison authorities, serious physical or mental illness which prevents the petitioner from filing, or where a petitioner, through no fault of his own, first learns of the outcome of a final appeal after the time for seeking habeas has expired." <u>Id.</u> at *15-16 (citation omitted).

P-049

believe.[8]  See 28 U.S.C. § 2255 ¶ 6(4).  To be sure, "paragraph four of § 2255 is

only triggered when a defendant discovers facts, not the legal consequences of

those facts."  United States v. Pollard, 161 F. Supp. 2d 1, 10 (D.D.C. 2001).

Running from the date of re-sentencing, AEDPA's one-year statute of limitations

for Petitioner's § 2255 Motion expired on March 14, 1998; therefore, his July 6,

2000 motion is untimely.

Because Petitioner has failed to demonstrate that he qualifies either for an

exception to the statute of limitations or for equitable tolling, the Court holds that

Petitioner's § 2255 Motion is procedurally barred.


**II.     Petitioner's Apprendi Claims Lack Merit because Apprendi is Not
          Retroactive to Cases on Collateral Review.**

Petitioner asserts that his sentence was imposed in violation of the Supreme

Court's decision in Apprendi because the factors this Court relied upon to enhance

it were not proved by a jury beyond a reasonable doubt.  (§ 2255 Mot. 11/17/2000

Suppl. at 1-14.)  Petitioner also contends that Respondent's failure to charge drug

amounts that determined his sentence in the indictment, as required under

Apprendi, prevented him from making an informed decision about whether to

---

[8]Arguably, as Respondent notes, the date on which Petitioner could have discovered the
facts supporting his habeas claims was August 4, 1993, when he was first sentenced to 360 months
imprisonment.  Resp't Mem. Law Opp'n § 2255 Mot. at 26.

11

plead guilty.[9]  (Id. at 13-14.)

The Supreme Court decided Apprendi on June 26, 2000.  The Second Circuit has held that Apprendi does not apply retroactively to initial or successive § 2255 petitions for habeas relief.  Coleman v. United States, 329 F.3d 77, 82 (2d Cir. 2003) (considering initial 28 U.S.C. § 2255 petition); Maldonado v. U.S., 344 F.3d 244, 245 (2d Cir. 2003) (considering successive 28 U.S.C. § 2255 petition).  Petitioner is therefore only eligible for relief if his conviction became final after June 26, 2000.

For the purposes of 28 U.S.C. § 2255, a conviction becomes "final" when the Supreme Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.  Clay v. United States, 537 U.S. 522, 525 (2003).  The rules for the Supreme Court state that a petition for a writ of certiorari to review a decision by a United States Court of Appeals must be filed within ninety days after entry of the judgment.  Id. at 525 (noting that the time in which defendant could have petitioned for certiorari expired ninety days after the Court of Appeals affirmed the

_____

[9]Petitioner submitted these Apprendi-based arguments to the Court in a motion entitled "Supplemental Claims in Support of Relief under 28 U.S.C. § 2255" and dated November 17, 2000.  The Court did not reject this supplemental filing because a petitioner may amend his original pleading once as a matter of course, without leave of court, at "any time before a responsive pleading is served." Fed. R. Civ. P. 15(a).  Here, Respondent filed its responsive pleading on July 20, 2001, thus making the amendment permissible.  The Court now notes that amending the § 2255 Motion was futile because Apprendi does not apply retroactively to cases on collateral review and the original petition has been dismissed as untimely under AEDPA's one-year statute of limitations.

P-049

conviction); Sup. Ct. R. 13(1). However, the Ninth Circuit has held that if a court

reverses a conviction or sentence and remands to the district court, the judgment of

conviction becomes final when the district court acts on remand and the time has

passed for appealing the district court's action. United States v. Colvin, 204 F.3d

1221, 1225-6 (9th Cir. 2000); see Hernandez v. Shearin, No. 01 CV 9847, 2002

U.S. Dist. LEXIS 11876, at *5 (S.D.N.Y. July 1, 2002).

The Court accepts the Ninth Circuit's method of determining conviction

finality, given the facts of this case. Thus, Petitioner's conviction became final on

March 31, 1997, the day upon which he was precluded from filing a notice of

appeal to the Second Circuit based on this Court's re-sentencing. Therefore, the

Court cannot apply Apprendi retroactively to Petitioner's claim regarding his

sentence.

III. **Petitioner's Blakely Claim Lacks Merit because Blakely is Not Retroactive to Cases on Collateral Review.**

Petitioner asserts, in a supplemental filing dated June 30, 2004,[10] that his

sentence was imposed in violation of the Supreme Court's decision in Blakely v.

---

[10]The Court granted Petitioner leave to amend his original § 2255 Motion with the Blakely claim on July 12, 2004. See Docket No. 00 CV 4087, Entry 24. Although the right to amend was previously granted, the Court now notes that amending the § 2255 Motion was futile because Blakely does not apply retroactively to cases on collateral review and the original petition has been dismissed as untimely under AEDPA's one-year statute of limitations.

13

P-049

Washington, 542 U.S. 296 (2004). Blakely held that the Sixth Amendment

prohibits sentences greater than "the maximum sentence a judge may impose solely

on the basis of the facts reflected in the jury verdict or admitted by the defendant."

Id. at 303. In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court

held that the system of enhancements established by the Guidelines violated the

Sixth Amendment, as construed in Blakely. See id at 231-35. To solve this

problem, the Supreme Court excised the provision of the Sentencing Reform Act

that had made the Guidelines mandatory, rendering the Guidelines effectively

advisory. See id. at 244-47. In light of these holdings, the Court now construes

Petitioner's application to argue that his sentence, based on facts found by the

Court during sentencing and under the mandatory Guidelines regime, was

unconstitutionally imposed. Green v. U.S., 397 F.3d 101, 102 (2d Cir. 2005).

The Supreme Court decided Blakely on June 24, 2004. At the present time,

all indications are that Blakely does not apply retroactively to either first or

successive § 2255 motions, as Blakely announced a procedural rule that does not

fall within either of the exceptions defined in Teague v. Lane, 489 U.S. 288 (1989).

See, e.g., Green, 397 F.3d 101 (denying authorization to file a second or successive

habeas petition under 28 U.S.C. § 2255 because Blakely did not establish a new

rule of constitutional law that the Supreme Court has made retroactive to cases on

collateral review); Carmona v. United States, 390 F.3d 200, 202 (2d Cir. 2004)

14

("To date, the Supreme Court has not . . . announced <u>Blakely</u> to be a new rule of constitutional law, nor has the Court held it to apply retroactively on collateral review."). Additionally, <u>Booker</u> does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date on which <u>Booker</u> was issued. Petitioner is therefore only eligible for relief under <u>Blakely</u> if his conviction became final after June 24, 2004 and under <u>Booker</u> if his conviction became final after January 12, 2005.

As previously discussed, Petitioner's conviction became final, for § 2255 purposes, on March 31, 1997, the day upon which he was precluded from filing a notice of appeal to the Second Circuit based on the Court's re-sentencing. Therefore, this Court cannot apply <u>Blakely</u> or <u>Booker</u> retroactively to Petitioner's sentence.

IV.     **Motion for Leave to Amend the § 2255 Motion based on a Subsequent Amendment to the Guidelines**

Finally, in a December 12, 2002 motion for leave to amend his § 2255 Motion, Petitioner argues that his sentence should be modified because the Guidelines under which he was sentenced have since been amended. Petitioner relies on Amendment 640, effective as of November 1, 2002 and which limits the

base offense level for defendants that have either a minor role or a minimal role in a drug offense to 30.

At first blush, this pleading can be construed as a motion to modify an imposed term of imprisonment, pursuant to 18 U.S.C. § 3582(c)(2). The language of 18 U.S.C. § 3582(c)(2) provides:

> "The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,] upon motion of the defendant[,] the court may reduce the term of imprisonment[.]"

18 U.S.C. § 3582(c)(2) (2006).

Before considering the merits of Petitioner's newly-construed 18 U.S.C. § 3582(c)(2) motion, the Court must first determine whether the specific sentencing guideline amendment Petitioner claims to be entitled to can, in fact, be retroactively applied to Petitioner's case. U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1. Subsection (c) of § 1B1.10 of the Guidelines lists the amendments that may be retroactively applied to previously imposed sentences; accordingly, only the listed amendments may serve as the basis for a court's reconsideration of a term of imprisonment.[11] If the amendment upon which

---

[11] Subsection (c) of § 1B1.10 of the Guidelines states that the "[a]mendments covered by this policy statement are . . . 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, and 657." U.S. Sentencing Guidelines Manual §

Petitioner relies is not listed in § 1B1.10(c), retroactive application of that amendment to Petitioner's sentence would be inconsistent "with [the Sentencing Commission's] policy statement and thus is not authorized." Id. at § 1B1.10(a).

Petitioner's arguments for a sentence modification based on Amendment 640 must fail. Amendment 640 is not among those listed in § 1B1.10(c) of the Guidelines and thus cannot serve as the basis for this Court's review of Petitioner's sentence pursuant to 18 U.S.C. § 3582(c)(2). The Court's conclusion is validated by Second Circuit precedent. United States v. Caceda, 990 F.2d 707, 710 (2d Cir. 1993) ("Only certain enumerated amendments are specified by the Guidelines as exceptions to the general rule that amendments are not to be applied retroactively[.]").

Given the unavailability of relief under 18 U.S.C. § 3582(c)(2), Petitioner's argument is, essentially, that he should receive collateral relief in the form of a reduced sentence. Thus, Petitioner's amendment can only be examined at this juncture if it "relates back" to the original § 2255 Motion, pursuant to Rule 15 of the Federal Rules of Civil Procedure.[12]

---

1B1.10(c) (2005).

[12]Rule 12 of the Rules Governing Section 2255 Proceedings in the United States District Courts provides that "the Federal Rules of Civil Procedure . . . to the extent that they are not inconsistent with any statutory provision or these rules, may be applied" to a § 2255 proceeding. Similarly, 28 U.S.C. § 2242 specifically states that a petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."

17

Under Rule 15, amendments to a pleading may not be made after the statute of limitations has run unless the amendment relates back to the date of the original pleading. Fed. R. Civ. P. 15(a). In applying this rule, amendments are deemed to "relate back" to the original pleading if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed R. Civ. P. 15(c)(2). The Supreme Court recently examined Rule 15(c)(2) in the habeas context in <u>Mayle v. Felix</u>, 125 S. Ct. 2562 (2005). There, the Supreme Court rejected the claim that a petitioner's "trial, conviction, or sentence" constitute the "conduct, transaction, or occurrence" contemplated by Rule 15; otherwise, all amendments would relate back because any § 2255 claim by its very nature is an attack on the underlying criminal proceedings. <u>Id.</u> at 2573-4. Instead, "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." <u>Id.</u> at 2574. <u>Mayle</u> further explains that relation back is allowed "when the new claim is based on the same facts as the original pleading and only changes the legal theory." <u>Id.</u> at 2568.

After reviewing the record before it, the Court concludes that Petitioner's motion to amend must be denied. First, the Court recognizes that, generally, the "relation back" doctrine is inapplicable when the initial habeas petition is dismissed, because there is no pleading to which to relate back. <u>Warren v. Garvin</u>,

18

219 F.3d 111, 114 (2d Cir. 2000). Here, the instant petition has been dismissed as untimely under AEDPA's one-year limitations period and, therefore, there is no petition to which the amendment would apply. Second, even if the Court were to analyze Petitioner's proposed amendment under the "relation back" analysis, it would still be barred. The original § 2255 Motion only contained challenges to Pre-Trial Counsel's conduct during *pre-trial* proceedings. By making a challenge to the sentencing guidelines calculations prepared *post-trial*, Petitioner sets forth a new argument based on a new legal theory and new facts that were not alleged in his original pleading. Thus, this new argument does not "relate back" to the original motion and thus cannot be reviewed by this Court at this juncture.[13]

Even if the proposed amendment was not procedurally barred, it would fail on the merits. First, Petitioner's sentence was considered, at least with respect to the obstruction of justice and abuse of a position of trust enhancements, by the Second Circuit, and thus cannot be re-litigated on collateral review. If Petitioner intends to challenge other aspects of his sentence, he would need to demonstrate sufficient cause for his failure to raise any such issues on appeal and any prejudice

---

[13]Should Petitioner decide to raise challenges to his sentencing by once again filing with this Court a motion pursuant to 28 U.S.C. § 2255, he would need to do so in accordance with the applicable case law and statutes, particularly the requirement that a petitioner receive prior authorization from the appropriate court of appeals – in this case, the Second Circuit. See 28 U.S.C. §§ 2244, 2255.

19

resulting therefrom. See Massaro, 538 U.S. at 503.

A petitioner demonstrates cause by showing his claims are based on newly discovered evidence, United States v. Helmsley, 985 F.2d 1202, 1206 (2d Cir. 1993), or on some other objective factor external to the defense, Murray v. Carrier, 477 U.S. 478 (1986), that could not reasonably have been discovered before direct appeal. A petitioner shows prejudice by showing that the alleged error worked to his actual and substantial disadvantage. United States v. Frady, 456 U.S. 152, 170 (1982). Based on the record before this Court, Petitioner has not submitted any evidence, via affidavits, pleadings, or otherwise, that demonstrates cause for his failure to raise additional challenges to his sentence on direct appeal; therefore, he would fail the two-prong cause and prejudice test. To be sure, Amendment 640 cannot serve as the basis for any putative cause and prejudice analysis, as it is unavailable to Petitioner on a retroactive basis. Therefore, Petitioner's motion for leave to amend his § 2255 Motion to include generalized challenges to his sentence must be denied.

## V.     Certificate of Appealability

The only remaining issue is the question of whether to grant a certificate of appealability. For a certificate of appealability to issue, petitioner must make a

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing "does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Santana v. U.S., No. 04 CV 1111, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002)) (internal quotation marks and citation omitted). Petitioner has made no substantial showing of the denial of a constitutional right in this case.

## CONCLUSION

After reviewing the filings and the relevant portions of the record, which were entirely sufficient to dispose of this motion, Petitioner's § 2255 Motion and December 12, 2002 Motion to Amend the § 2255 Motion are hereby DENIED. The Court also DENIES the issuance of a certificate of appealability. The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: April 12, 2006

s/SJ

21

Brooklyn, New York

Senior U.S.D.J.

cc:    Howard Leader, Esq.
121 West 27th Street, Suite 1103
New York, NY 10001
Pre-Trial Counsel for Petitioner

Joyce C. London, Esq.
Law Office of Joyce C. London
20 Vesey Street
Suite 400
New York, NY 10007
Trial Counsel for Petitioner

Jeffrey Cohn, Esq.
35 East 85th Street
Apartment 4B
New York, NY 10028
Post-Trial Counsel for Petitioner

P-049